UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 8:15-cr-88-CEH-AEP

CARLOS ALBERTO RUSINQUE-
ORTIZ
_____/

## ORDER

This matter comes before the Court on the Defendant's *pro se* Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. 167). In the motion, Defendant Carlos Alberto Rusinque-Ortiz, seeks a reduction in his sentence to five years, pursuant to the First Step Act. The Federal Public Defender was appointed on Defendant's behalf for purposes of these First Step proceedings. Doc. 168. The United States Probation Office filed a memorandum addressing the retroactive application of the Fair Sentencing Act of 2010 as authorized by the First Step Act, effective December 21, 2018, to Defendant's sentence. Doc. 169. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018.

### DISCUSSION

On September 3, 2015, Defendant was sentenced to 120 months' incarceration and five years of supervised release for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Doc. 120. By the instant motion (Doc. 167), Defendant seeks a

reduction in his sentence to five years, or any other relief this Court deems proper, pursuant to the First Step Act of 2018, which made retroactive part of the Fair Sentencing Act of 2010. The Federal Defender was appointed on Defendant's behalf for this First Step proceeding in accordance with the Omnibus Order in *In Re: Section 404 of the First Step Act*, issued by then Chief Judge Merryday in case number 8:19-mc-10-T-23. *See* Doc. 168. The Federal Defender filed a notice of appearance (Doc. 170). The U.S. Office of Probation submitted a memorandum finding Defendant Carlos Alberto Rusinque-Ortiz ineligible for retroactive application of the Fair Sentencing Act because his offense was not a covered offense as it did not involve crack cocaine and because Defendant's offense of conviction occurred after the passage of the Fair Sentencing Act of 2010. Doc. 169. The Federal Defender filed a Notice agreeing with the Probation memorandum and indicating no motion would be filed on Defendant's behalf. Doc. 171.

Subject to a few exceptions, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception is that "in any case . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." *Id.* § 3582(c)(1)(B). The Fair Sentencing Act was enacted to "restore fairness to Federal cocaine sentencing." Fair Sentencing Act of 2010, Pub. L No. 111-120, 124 Stat. 2372 (2010). In relevant part, Section 2 of the Fair Sentencing Act revised the minimum amount of crack cocaine that triggers an increase in the penalty range as prescribed in 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B)—changing 50 grams to 280 and 5 grams to 28. *Id.* §§ (b)(1)(A)(iii), (b)(1)(B)(iii).

Although not initially retroactive, these sections of the Fair Sentencing Act were made retroactive by § 404 of the First Step Act of 2018, which provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). "Covered offense" is defined in the First Step Act as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). Relief under the First Step Act is within the court's discretion. Section 404 specifically provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

Defendant does not allege, and the record does not reflect, that his sentence was based on a conviction for crack cocaine. Additionally, his offense was not committed before August 3, 2010. Accordingly, § 404 does not provide Defendant relief. Defendant was sentenced for a March 20, 2015 offense of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, which is not a "covered offense" as defined by Section 404.

Further, to the extent Defendant argues he is entitled to a reduction in his sentence due to changes in the Sentencing Guidelines as it relates to drug quantities,

Defendant's motion is meritless. Defendant is not eligible for a reduction in sentence based on Amendment 782 because Amendment 782 was in effect at the time of Defendant's sentencing on September 3, 2015, and thus even if Defendant's offense was subject to a lower base offense level, the lower level would have already been in effect at the time of his sentencing.[1] *See United States v. Maiello*, 805 F.3d 992, 995 (11th Cir. 2015) ("Amendment 782 became effective immediately for defendants sentenced on or after November 1, 2014.").

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. 167) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on April 28, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties

---

[1] "On April 10, 2014, the United States Sentencing Commission voted unanimously to amend the U.S. Sentencing Guidelines ("USSG") to lower the base offense levels (found in the Drug Quantity Table in USSG § 2D1.1) by two levels across all drug types [for most drug quantities]. The vehicle for this change was Amendment 782, which went into effect on November 1, 2014." *United States v. Maiello*, 805 F.3d 992, 994 (11th Cir. 2015).